AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED

MAR 27 2015

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| United States of America | ) | |
| v. | ) | |
| James Earnest Johnson | ) | Case No. |
| | ) | |
| | ) | 1: 15 MJ 0 0 045 SKO |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___06/3/14, 10/6/14, and 3/16/15___ in the county of _____Fresno_____ in the
___Eastern___ District of ___California___, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| Counts 1-3: 18 U.S.C. § 922(g)(1) | The defendant, having been convicted of a crime punishable by more than a year imprisonment, to wit: a 1998 conviction for CPC 245(a)(1), assault with a deadly weapon; a 2001 conviction for a violation of CPC, Section 12021(a)(1), felon in possession of a firearm; and a 2008 conviction for possession of a controlled substance, did knowingly possess a firearm, to wit, a .22 caliber Rosco Arms revolver , an Armi-Galesi .25 caliber handgun, & a Highpoint, model C9, 9 mm Luger caliber firearm, which had traveled in and affected interstate and foreign commerce. |
| Maximum Penalty: 10 years imprisonment, $250,000 fine, $100 special assessment, and 3 years of supervised release | |

This criminal complaint is based on these facts:

AUSA Kimberly A. Sanchez
See Affidavit of ~~ATF SA George Jusino~~, attached hereto and incorporated herein.

KAS   SKO

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kimberly A. Sanchez, AUSA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _March 26, 2015_

_____
*Judge's signature*

City and state: _____Fresno, California_____

Sheila K. Oberto, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | AFFIDAVIT OF AUSA KIMBERLY A. SANCHEZ |
| v. | |
| JAMES EARNEST JOHNSON, | |
| Defendant. | |

## I.      INTRODUCTION

1.      This Affidavit is in support of an arrest warrant for James Earnest Johnson, for violations of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

### A.      Affiant's Background

2.      I am an Assistant United States Attorney, and have been so employed since approximately 2005.

3.      I received the below information from ATF SA George Jusino, who is a Special Agent with the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since July 2013. In the course of his duties as an ATF Special Agent, he has conducted investigations and received training regarding, but not limited to, illegal possession of firearms and other federal offenses involving firearms, the possession of firearms by prohibited persons and/or members of criminal street gangs and the illicit distribution and possession of controlled substances by various individuals. He has been involved either as the case agent or in a supporting role in more than 20 investigations involving firearms and drug trafficking violations. In that regard, he has debriefed multiple individuals who both use and sell narcotics, including methamphetamine. He has learned about the habits, methods and practices of individuals engaged in the sale of methamphetamine and other controlled substances. He has also learned about these practices through discussions with other experienced law enforcement agents, some of whom specialize in narcotics trafficking investigations.

4.      This affidavit sets forth facts supporting probable cause to believe that JOHNSON has been in

possession of a firearm on June 3, 2014, October 6, 2014, and March 16, 2015. SA Jusino reviewed reports of officers from the California Highway Patrol (June 3, 2014), the Fresno County Sheriff's Office (October 6, 2014), and the Fresno Police Department (March 16, 2015). The facts set forth herein are either from those reports, discussions with other law enforcement officers, SA Jusino's own observations, or court documents. I have not included every fact known to me, as this affidavit only serves to establish facts necessary to support probable cause.

## II.   PROBABLE CAUSE

### JUNE 3, 2014 CHP Traffic Stop

5.   According to reports from the California Highway Patrol (hereinafter referred to as "CHP"), on June 3, 2014, at approximately 1:53 a.m., CHP officers Edward Lopez and G. Perez were in the area of First Avenue and McKinley Avenue, in Fresno, CA. They observed a green Suzuki motorcycle with snake skin covering the tank (hereinafter referred to as the "Subject Vehicle" or S/V) driven by an individual later identified as the defendant. Officer Perez ran the registration using their onboard Mobile Digital Computer, and learned that the registration had expired in February 2014. The tab on the plate indicated an expiration of June 2014. Officer Lopez activated the steady burning forward red and code 3 overhead emergency lighting. The motorcycle pulled to the edge of the roadway near First Street and McKinley Avenue.

6.   Officer Perez advised the defendant of the reason for the stop. The defendant said that he was not the owner of the motorcycle, and identified himself with a valid class A California Driver license. One of the officers noticed that the Vehicle Identification Number (hereinafter referred to as "VIN") was not the same as the one on the registration. The officers then checked the VIN through the Fresno Communications Center, which showed that the S/V was a 2002 Suzuki that had a registration that expired in February of 2012.

7.   The officers noticed that the defendant seemed extremely nervous and evasive during questioning concerning the S/V. Officer Lopez advised the defendant that the S/V would be impounded due to the delinquent registration and his riding out of class. Officer Perez began to take an inventory of the S/V. The defendant was cited and released. Officer Perez was unable to lift the seat of

the motorcycle.  Officer Lopez found a switch on the driver side that allowed the seat compartment to open.  Inside, the officers found a .22 caliber Rosco Arms revolver loaded with 5 rounds of ammunition, and was wrapped in an orange towel.  They also found a black zip-up case containing three bindles of white crystal substance and one bindle of a black tar-like substance, as well as 2 hypodermic needles.  Based on his training and experience, Officer Lopez believed the white substance was methamphetamine and the black substance was heroin.  The officers searched for the defendant but could not find him.

**October 6, 2014 FSO Traffic Stop**

8.     According to Fresno County Sheriff's Office reports, on October 6, 2014, at approximately 1:16 a.m., Fresno Sheriff's Deputy John Capriola was in the area of Gettysburg and Blackstone Avenues in Fresno, California.  He observed a blue GMC Sonoma truck driven by a male later identified as the defendant.  There were no other occupants.  Dep. Capriola noticed that the rear tail lights were dim and difficult to see, in violation of California Vehicle Code ("VC") § 24600(e).  As Dep. Capriola got closer to the vehicle, he noticed that the rear lights of the truck were dark and had an aftermarket tint applied in violation of VC 26101.  Dep. Capriola continued to follow the truck, and noticed that the front and rear passenger side tires were straddling the solid white line, and that continued for approximately ½ mile until they reached the red light at Fresno Street.  Dep. Capriola initiated a traffic stop.  He activated his overhead lights.  He observed the defendant moving nervously inside of the vehicle before pulling over on Gettysburg just west of Blackstone Avenue.

9.     As Dep. Capriola approached the truck, he saw the defendant moving nervously inside and it appeared as though the defendant had reached down to his right towards the passenger floorboard of the vehicle.  Dep. Capriola asked the defendant to place his hands out of the window.  The defendant complied.  At this time Sgt. Lolkus arrived and assisted.

10.     Dep. Capriola noticed that the defendant had numerous tattoos covering his face, neck, arms and hands and appeared nervous while speaking with the deputy.  Dep. Capriola asked for the defendant's driver's license.  The defendant said that he did not have his license with him, nor could he provide any sort of picture identification.  Dep. Capriola asked the defendant to get out of the truck.

11.   The defendant got out of the car and consented to a pat search of his clothing for weapons. The defendant walked to the curb and gave his name and identifying information. Dep. Capriola asked if the truck had any drugs or weapons in it. The defendant said that it did not. Dep. Capriola asked if he could search the vehicle. The defendant said no. He said that the truck belonged to his friend.

12.   Dep. Capriola checked the defendant's name and driver's license through FSO Dispatch. Dispatch reported that the defendant had an active felony warrant for possession of a firearm by an ex-felon (warrant #F14908964). Dep. Capriola also discovered that the defendant had been arrested on 7-31-14 for weapons possession and he was released after posting bail. Within minutes FSO Dispatch advised that the warrant was confirmed. Dep. Capriola arrested the defendant, and prepared the truck to be towed and stored.

13.   Dep. Capriola inventoried the truck, and found a loaded Armi-Galesi .25 caliber semi-automatic handgun in a small void where the cigarette ashtray should have been and in the same area where the defendant had been reaching previously. He also found two plastic baggies containing suspected marijuana.

14.   Dep. Capriola read the defendant his Miranda rights. The defendant said he understood his rights and agreed to answer questions. The defendant denied possession of the firearm and said he did not know that it was in the truck. The defendant said the truck did not belong to him, that it belonged to his friend, Melissa Bell. The truck was registered to Melissa Bell. The defendant said he had been driving the truck for two days. The defendant denied moving nervously prior to being stopped and denied hiding the gun.

**March 16, 2015 FPD Traffic Stop**

15.   According to Fresno Police Department reports, on March 06, 2015, at approximately 12:15 a.m., FPD officers observed a vehicle (registered to Autumn Autry) exit the Garden Square apartment complex, 216 W Dakota Ave, Fresno, California. The vehicle then drove a short distance on Dakota Ave. and made a right turn back into the complex. Officers conducted a traffic stop after observing the vehicle fail to signal and strike the curb upon entry into the complex. Officers made contact with the driver, who identified himself as James JOHNSON and stated he did not have his California Driver's

license on him.  A records check revealed the defendant was driving on a suspended license, violation of VC 14601.1(a).

16.    The officers had the defendant and the passenger, Amber Estes, get out of the car.  They asked the defendant if he had anything illegal in the car.  He said that he did not.  When officers were preparing to search the vehicle, the defendant said they did not have his consent.  They advised the defendant that they were conducting an inventory search as the vehicle was being towed.

17.    Officer Lujan located a black box sticking out from underneath the driver's seat with a clear plastic baggy partially sticking out.  Officer Lujan removed the black box and found it required a key to open it.  Officer Lujan asked the defendant what was in the box.  The defendant replied that some personal stuff was inside.   The keys were still in the ignition.  Officer Lujan removed them and found a small key on the same key ring.  He used the small key to open the box.

18.    Officer Lujan found a Highpoint, C9 model, 9 mm Luger, serial number P1369943, semi-automatic handgun inside of the box.  Officer Lujan cleared the handgun and found that it had 5 rounds of ammunition in the magazine (previously reported stolen on 9/13/14 out of Fresno).  Officer Lujan also located a clear plastic baggy containing a white crystal substance believed to be methamphetamine and a black electronic scale.  Officer Rockwell located a black gun holster in the center counsel of the vehicle.

19.    Officer Rockewell and Officer Lujan placed the defendant under arrest.  The defendant became argumentative and denied anything in the vehicle as being his.

20.    Officer Lujan read the defendant his Miranda rights from his department issued Miranda card.  The defendant acknowledged that he understood his rights and proceeded to answer questions.  When asked about the items in the black box, the defendant said that the items belonged to Amber Estes (passenger) and that they were not his.

21.    SA Jusino has reviewed the Fresno County Superior Court conviction records for the defendant.  The aforementioned records indicated the following felony convictions for the defendant:

A 1997 Fresno County Superior Court conviction for a violation of California Penal Code, Section 245(a)(1), assault with force, great bodily injury likely (F97905628-4);

A 1998 Fresno County Superior Court conviction for a violation of California Penal Code, Section 245(a)(1), assault with a deadly weapon (603197-5);

A 2001 Fresno County Superior Court conviction for a violation of CPC, Section 12021(a)(1), felon in possession of a firearm (case number F01908622-4); and

A 2008 Fresno County Superior Court conviction for a violation of California Health and Safety Code, Section 11357(a), possession of concentrated cannabis (F08903756)

22.   On March 23, 2015, SA Jusino contacted Special Agent Mickel Sexton, an Interstate Nexus Expert, regarding the previously mentioned firearms. Based on Special Agent Sexton's training in determining the state or country in which firearms and/or ammunition are manufactured, he was able to determine based solely on a verbal description of the aforementioned firearms provided by the case agent/officer, the firearms were not manufactured in the state of California, and therefore, traveled in and affected interstate or foreign commerce.

23.   The facts set forth in this Affidavit are known to me as a result of my personal participation in this investigation, through conversations with other agents, and from reviewing official reports, documents, and other evidence obtained as result of this investigation.

### III.   CONCLUSION

24.   The above facts set forth probable cause to believe that James Earnest Johnson is in violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm. I request that an arrest warrant be issued for James Earnest Johnson for this violation.

KIMBERLY A. SANCHEZ
Assistant U.S. Attorney

Swore to and subscribed before me

This _026_ day of March, 2015

SHEILA K. OBERTO
UNITIED STATES MAGISTRATE JUDGE